## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUNAID MAHMOOD
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.

GLOBAL KICKS, LLC
d/b/a ESTEEM DC
 21020 Sycolin Road
Ashburn, VA 20147

NICHOLAS VISELLI
21459 Colonial Village Way
Ashburn, VA 20147

KEVIN NGUYEN
22050 Eastside Drive, Apt 553
Ashburn, VA 20147

      Defendants.

Civil Action No. _____

## COMPLAINT

1.      While Plaintiff worked for Defendants' apparel store, Defendants paid Plaintiff a daily

salary that denied him minimum and overtime wages.

2.      Plaintiff brings this action against Global Kicks, LLC; Nicholas S. Viselli and Kevin D.

Nguyen ("Defendants") to recover damages for Defendants' willful failure to pay minimum and

overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*;

the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001

*et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code

§ 32-1301 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5.      Plaintiff Junaid Mahmood is an adult resident of Virginia.

6.      Defendant Global Kicks, LLC is a Virginia limited liability company. It does business as Esteem DC. Its principal place of business is registered at 21020 Sycolin Road, Ashburn, VA 20147. But it operates a store located at 5912 Georgia Avenue NW, Washington, DC 20011. Its registered agent for service of process is United States Corporation Agents, Inc., 4445 Corporation Lane, Suite 259, Virginia Beach, VA 23462.

7.      Defendant Nicholas Viselli is an adult resident of Virginia. He resides at 21459 Colonial Village Way, Ashburn, VA 20147. He is an owner and member of Defendant Global Kicks, LLC. He exercises control over the operations of Global Kicks, LLC — including its pay practices.

8.      Defendant Kevin Nguyen is an adult resident of Virginia. He resides at 22050 Eastside Drive, Apt 553, Ashburn, VA 20147. He is an owner and member of Defendant Global Kicks, LLC. He exercises control over the operations of Global Kicks, LLC — including its pay practices.

**Factual Allegations**

9.      Plaintiff worked at Esteem DC from approximately January 2018 through approximately March 3, 2022.

10.     In approximately May 2020, Defendants temporarily closed Esteem DC. Plaintiff did not work while Esteem DC was closed.

11.     At all relevant times, Plaintiff worked in the District of Columbia.

12.     At all relevant times, Plaintiff worked at Esteem DC as a sales associate.

13.     Plaintiff's job duties at Esteem DC primarily consisted of greeting and providing assistance to customers, promoting products, working at the cash register, managing social media profiles, and sweeping and mopping floors at the end of his shift.

14.     From approximately May 25, 2019 through approximately December 31, 2021, Plaintiff typically and customarily worked five days per week.

15.     From approximately May 25, 2019 through approximately December 31, 2021, Plaintiff typically and customarily worked forty-two and a half hours per week.

16.     From approximately May 25, 2019 through approximately December 31, 2021, Plaintiff typically and customarily started each workday at approximately 10:45 a.m.

17.     From approximately May 25, 2019 through approximately December 31, 2021, Plaintiff typically and customarily ended each workday at approximately 7:15 p.m.

18.     From approximately January 1, 2022 through approximately March 3, 2022, Plaintiff typically and customarily worked five or six days per week.

19.     From approximately January 1, 2022 through approximately March 3, 2022, Plaintiff typically and customarily worked thirty-two and a half to thirty-nine hours per week.

20.     From approximately January 1, 2022 through approximately March 3, 2022, Plaintiff typically and customarily started each workday at approximately 11:45 a.m.

21.     From approximately January 1, 2022 through approximately March 3, 2022, Plaintiff typically and customarily ended each workday at approximately 6:15 p.m.

22.     At all relevant times, Defendants paid Plaintiff a daily salary.

23.    Defendants paid Plaintiff approximately the following daily salaries:

| Approximate Dates | Daily Salary |
|---|---|
| May 25, 2019–Dec. 31, 2020 | $50.00 |
| Jan. 01, 2021–Nov. 27, 2021 | $65.00 |
| Nov. 28, 2021–Mar. 03, 2022 | $75.00 |

24.    Defendants paid Plaintiff approximately the following effective hourly rates:

| Approximate Dates | Daily Salary | Effective Hourly Rate |
|---|---|---|
| May 25, 2019–Dec. 31, 2020 | $50.00 | $5.88 |
| Jan. 01, 2021–Nov. 27, 2021 | $65.00 | $7.65 |
| Nov. 28, 2021–Dec. 31, 2021 | $75.00 | $8.82 |
| Jan. 01, 2022–Mar. 03, 2022 | $75.00 | $12.86 |

25.    At all relevant times, Defendants paid Plaintiff either in cash or via a mobile payment service.

26.    At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

27.    At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked, including overtime hours.

28.    At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

29.    In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable federal and D.C. minimum wages.

30.    Under the FLSA, Defendants have been required to pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

31.    The District of Columbia required Defendants to pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through the present. D.C. Code § 32-1003(a).

4

32.    For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $47,891.44 in minimum and overtime wages (excluding liquidated damages).

33.    Defendant Nicholas S. Viselli participated in setting the store's hours of operations.

34.    Defendant Nicholas S. Viselli participated in the decision to hire and fire employees on behalf of Global Kicks, LLC.

35.    Defendant Nicholas S. Viselli participated in the decision to hire Plaintiff.

36.    Defendant Nicholas S. Viselli participated in the decision to fire Plaintiff.

37.    Defendant Nicholas S. Viselli participated in the decision to set Plaintiff's schedule.

38.    Defendant Nicholas S. Viselli participated in the decision to set Plaintiff's daily rate and manner of pay.

39.    Defendant Nicholas S. Viselli participated in supervising Plaintiff's work.

40.    Defendant Nicholas S. Viselli had the authority to sign checks on behalf of Global Kicks, LLC.

41.    Defendant Nicholas S. Viselli has signed checks on behalf of Global Kicks, LLC.

42.    Defendant Kevin D. Nguyen participated in setting the store's hours of operations.

43.    Defendant Kevin D. Nguyen participated in the decision to hire and fire employees on behalf of Global Kicks, LLC.

44.    Defendant Kevin D. Nguyen participated in the decision to hire Plaintiff.

45.    Defendant Kevin D. Nguyen participated in the decision to fire Plaintiff.

46.    Defendant Kevin D. Nguyen participated in the decision to set Plaintiff's schedule.

47.    Defendant Kevin D. Nguyen participated in the decision to set Plaintiff's daily rate and manner of pay.

48.    Defendant Kevin D. Nguyen participated in supervising Plaintiff's work.

49.    Defendant Kevin D. Nguyen had the authority to sign checks on behalf of Global Kicks, LLC.

50.    Defendant Kevin D. Nguyen has signed checks on behalf of Global Kicks, LLC.

51.    At all relevant times, each Defendant had the power to hire and fire Plaintiff.

52.    At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

53.    At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

54.    At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

55.    At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

56.    At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable federal and D.C. minimum wages.

57.    At all relevant times, each Defendant was aware that they were legally required to timely pay Plaintiff all wages legally due to him.

58.    At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

59.    At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

60.    At all relevant times, Defendants had two or more employees who handled goods and/or materials such as shoes that had been produced outside of the District of Columbia.

## COUNT I

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

61.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

62.     Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

63.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

64.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

65.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

66.     Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

67.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

68.     Defendants' violations of the FLSA were willful.

69.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

70.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

71.     Each Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

72.     The DCMWA required that employers pay non-exempt employees at least $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, $15.00 per hour from July 1, 2020 through June 30, 2021, and $15.20 from July 1, 2021 through the present. D.C. Code § 32-1003(a).

73.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

74.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

75.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one work-week.

76.     Defendants' violations of the DCMWA were willful.

77.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

### COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

78.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

79.     Each Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

80.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

81.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

82.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

83.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

84.     Defendants' violations of the DCWPCL were willful.

85.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$197, 167.75**, and grant the following relief:

    a.      Award Plaintiff $191,565.75, consisting of the following overlapping elements:

       i.             unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.            unpaid D.C. minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

     iii.           unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.       Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.       Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,200.00);

d.       Award Plaintiff court costs (currently, $402.00); and

e.       Award any additional relief the Court deems just.

June 1, 2022                          Respectfully submitted,

                                   **DCWAGELAW**

                                   By: /s/ Justin Zelikovitz
                                   JUSTIN ZELIKOVITZ, #986001
                                   519 H Street NW
                                   Washington, DC 20001
                                   Phone: (202) 803-6083
                                   Fax: (202) 683-6102
                                   justin@dcwagelaw.com

                                   *Counsel for Plaintiff*